**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01856-MJW

ALAN SHACKELFORD M.D.,

    Plaintiff,

v.

UNITED STATES BEEF CORPORATION,

    Defendant.

**ORDER DENYING MOTION TO REMAND**

**Blackburn, J.**

    This matter is before me on the **Motion To Remand** [#16][1] filed July 16, 2014. The defendant filed a response [#20], and the plaintiff filed a reply [#21]. I deny the motion.

**I. JURISDICTION**

    Putatively, I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

**II. STANDARD OF REVIEW**

    Under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if it is one over which the district court would have had original jurisdiction. In order to effectuate removal properly,

    [a] defendant or defendants . . . shall file in the district court of the United

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after receipt by the defendant, "through service or otherwise," of the initial pleading setting forth the plaintiff's claims for relief. 28 U.S.C. § 1446(b). ***See also Murphy Brothers v. Michetti Pipe Stringing, Inc.***, 526 U.S. 344, 356 (1999) (holding that deadline for removal does not begin to run until party is formally served with process)

### III.  ANALYSIS

The plaintiff, Alan Shackelford, M.D., filed this case initially in the District Court for Boulder County, Colorado. In his complaint [#3], he alleges that he slipped and fell on ice on a walkway at an Arby's restaurant owned by the defendant, United States Beef Corporation. Dr. Shackelford alleges that United States Beef was negligent when it permitted ice to be present on the walkway on its premises. As a result of his fall, Dr. Shackelford alleges that he sustained serious injuries, including an injury to his right shoulder which required reconstructive surgery and injury to his back and other parts of his body. As a result of his fall, he contends, he suffered other damages, injuries, and losses as well, including health care expenses, physical and mental pain, physical impairment, emotional distress, loss of enjoyment of life, loss of time, impairment of earning capacity, and loss of his ability to enjoy a full and useful life.

Under 28 U.S.C. § 1332(a), a federal district court has jurisdiction over a case involving claims under state law if there is complete diversity of citizenship between the plaintiff and the defendant and "the matter or controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." The defendant contends this court has

diversity jurisdiction over this case and would have had such jurisdiction if this case had been filed initially in this court.  It is undisputed that there is diversity of citizenship between Dr. Shackelford, a resident of Colorado, and the defendant, United States Beef Corporation, an Oklahoma Corporation.  Dr. Shackelford contends, however, that United States Beef has not shown affirmatively that the amount in controversy exceeds 75,000 dollars.  Absent such a showing, the defendant has not demonstrated that this court has diversity jurisdiction over this case.

In the Tenth Circuit, a defendant seeking to remove a case from state court must "affirmatively establish in the petition [for removal] that the amount in controversy exceeds the statutory requirement."  **Laughlin v. Kmart Corp.**, 50 F.3d 871, 872 (10th Cir. 1995).  Because the complaint in this case does not recite a specific dollar amount of recovery sought, the burden is on the defendant, as the removing party, to establish by a preponderance of the evidence that the jurisdictional amount is satisfied.  **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).  In this circumstance, the removing party must show contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue.  **McPhail v Deere & Co.**, 529 F.3d 947, 954 - 955 (2008).  "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."  **Id**. at 955 - 956. A defendant who has filed a notice of removal asserting diversity jurisdiction "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain, then there is potential controversy, which is to say that at least $75,000 is in controversy in the case."  **Id**. at 954.  In addition to the allegations in the complaint, a variety of additional means are available to a defendant to meet this burden of proof.  **Id**. at 954 - 956.  As required by **McPhail**, I have considered carefully

3

the allegations in the complaint [#3] and the allegations in the **Notice of Removal** [#1].

In this case, the allegations in the complaint are sufficient to demonstrate that at least 75,000 dollars is in controversy in this case. The allegation of Dr. Shackelford that he injured his right shoulder and was required to undergo reconstructive surgery on his shoulder reasonably may be read to indicate that Dr. Shackelford likely incurred in excess of 50,000 dollars in medical expenses. Reconstructive shoulder surgery does not come cheaply. He alleges also that he suffered other "serious injuries" which include health care expenses, physical and mental pain, physical impairment, emotional distress, loss of enjoyment of life, loss of time, impairment of earning capacity, and loss of his ability to enjoy a full and useful life. *Complaint* [#3], ¶¶ 23, 24. Considered together, these factual assertions make it possible that at least 75,000 dollars is at issue in this case.

It must be noted also that Dr. Shackelford, through counsel, indicated on the civil cover sheet filed in state court that a judgment in excess of 100,000 dollars is sought. *Civil cover sheet* [#1-5], ¶ 3.[2] Generally, such a statement in a Colorado state court civil cover sheet, by itself, is not considered sufficient to demonstrate the amount in controversy for the purpose of establishing diversity jurisdiction. **See, e.g., Baker v. Sears Holdings Corp.**, 557 F.Supp.2d 1208, 1215-16 (D.Colo. 2007). "However, a civil cover sheet is probative evidence regarding the amount in controversy when combined with plaintiff's requested damages." *Id*. At 1215. Here, the estimate of the plaintiff in the state court civil cover sheet is additional probative evidence which tends to show

---

[2] Under the Colorado Rules of Civil Procedure, this statement in a civil cover sheet has significant import. An indication that the plaintiff seeks a judgment in excess of 100,000 dollars means that the simplified procedure of C.R.C.P. 16.1 does not apply and the more complex procedural regime of C.R.C.P. 16 applies instead.

4

that it is possible that at least 75,000 dollars is at issue in this case.

## IV.  CONCLUSION & ORDER

There is complete diversity of citizenship between the plaintiff and the defendant. The estimate of the amount in controversy asserted by the defendant in the notice of removal [#1] is a reasonable estimate based on the relevant allegations in the complaint [#3].  I find and conclude that the complaint [#3] presents a combination of facts and theories of recovery that may support a claim in excess of 75,000 dollars.  Therefore, the defendant has established that the amount in controversy exceeds 75,000 dollars. Thus, the defendant has shown that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332.

**THEREFORE,  IT IS ORDERED** that the **Motion To Remand** [#16] filed July 16, 2014, is **DENIED**.

Dated March 3, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

5